IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:93CR119 |
| | ) | |
| v. | ) | |
| | ) | |
| JORGE ALDACO, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for initial review of the defendant's Motion under 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody. Filing no. 158.[1] Under the *Rules Governing Section 2255 Proceedings for the United States District Courts* ("§ 2255 Rules"), a defendant's § 2255 motion is subject to initial review by the court:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

§ 2255 Rule 4(b).

---

[1]On February 4, 2008, the court received a letter from the defendant dated "January 30th, 2009 [2008]" which stated he had "been trying desperately to get my attorney to forward my case files and records that I may file a timely motion under 28 U.S.C. § 2255." Filing No. 154. On February 5, 2008, the court ordered defendant's counsel of record to supply the defendant's requested documents. Filing No. 155 at 2. The order permitted defendant to file his § 2255 motion within sixty days of the February 5th order. *Id.* at 1-2. Further, the court found defendant's § 2255 filing would relate back to his January 30th 2009 [2008,] letter. *Id.* On April 4, 2008, the defendant requested additional extension of time to file his § 2255 motion which the court granted. Filing Nos. 156, 157. The defendant then filed his § 2255 motion within the extended time on April 11, 2008. Filing No. 158.

The defendant pled guilty to an Information "charging him with using a communication facility to commit a drug trafficking offense, in violation of Title 21, United States Code, Section 843(b)." Filing No. 137 at 1. The defendant alleges four grounds wherein he believes counsel denied him his right to effective assistance of counsel: (1) "Counsel deprived petitioner of his right to a speedy trial by filing continuance after continuance where the government failed to provide discovery material"; (2) "Counsel failed to file a motion to dismiss after he discovered that the government did not have enough evidence to prove that petitioner committed the instant offense"; (3) "Counsel advised petitioner to plead guilty to charges that were not found within the indictment and gave petitioner notice of the charges in an information after petitioner plead guilty to the unknown offense;" and, (4) "Counsel failed to seek suppression of the government's evidence of an unreliable statement and a phone record that did not reveal any conversation of drug activity." Filing No. 158.

It does not plainly appear from the motion and the record of prior proceedings that the defendant is excluded from relief. Accordingly, the court finds that the United States should file an answer, motion, or other response, together with a supporting brief.

THEREFORE, IT IS ORDERED that:

1. The United States shall file an answer, motion, or other response to the defendant's § 2255 motion within 30 days from the date of this order;

2. The defendant may reply within 30 days thereafter; and

3. The Clerk of Court is directed to send a copy of the transcript, Filing No. 161, to the defendant.

DATED this 11th day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge