IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 8:93CR119 |
| Plaintiff, | ) |
| vs. | ) ORDER |
| JORGE ALDACO, | ) |
| Defendant. | ) |

This matter is before the court on notice of the defendant's release from custody, Filing No. 176. The defendant was released to Immigration and Customs Enforcement ("ICE") on an immigration detainer on April 14, 2009. The court is informed that the defendant is pending deportation or has been deported at this time.

This is a habeas corpus action under 28 U.S.C. § 2255, which allows "[a] prisoner in custody" to seek relief. 28 U.S.C. § 2255. However, the defendant was in custody when he filed the motion, and that is all that is required to be "in custody" under the statute. *See* Spencer v. Kemna, 523 U.S. 1, 7 (1998). Also, the defendant's sentence includes a year of supervised release, during which time he remains in custody for purposes of habeas corpus jurisdiction. Maleng v. Cook, 490 U.S. 488, 491 (1989). Moreover, collateral consequences from a criminal conviction are presumed. Spencer, 523 U.S. at 12. Although it may be difficult to prosecute his collateral attack after deportation, the defendant will have a "live" case as long as: (1) his term of supervised release has not expired, *see* United States v. Trotter, 270 F.3d 1150, 1152 (7th Cir. 2001), or (2) he continues to suffer collateral consequences from his conviction. *See* Sibron v. New York, 392 U.S. 40, 55-56 (1968).

The defendant, however, has not contacted his court-appointed counsel since his release, nor has he communicated any desire to pursue the action. It appears that the court cannot grant the defendant the relief he seeks. If the defendant fails to contact his attorney in the next 30 days, the court will deem the case abandoned and subject to dismissal. The defendant's counsel is not required to comply with filing deadlines or otherwise progress the case in the meantime.

THEREFORE, IT IS ORDERED this action will be dismissed in 30 days unless the defendant expresses a desire to pursue the action.

DATED this 13th day of May, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge